**CROWELL & MORING LLP**
Emily T. Kuwahara (CSB No. 252411)
ekuwahara@crowell.com
515 South Flower Street
40th Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

Rebecca B. Chaney (admitted *pro hac vice*)
rchaney@crowell.com
Scott Winkelman (admitted *pro hac vice*)
swinkelman@crowell.com
Robbie Jost (*pro hac vice* forthcoming)
rjost@crowell.com
1001 Pennsylvania Avenue, NW
Washington, D.C. 2004
Telephone:  202.624.2500
Facsimile:  213.622.2690

*Attorneys for Defendant BSH Home Appliances Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| ROBERT HEDRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>Defendant. | Case No. 8:23-CV-00358-JWH-JDE<br><br>**BSH HOME APPLIANCES CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hon. John W. Holcomb<br>Courtroom 9D, 9th Floor<br>Date: August 11, 2023<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................... 12

STATEMENT OF FACTS ....................................................... 13

LEGAL STANDARDS ........................................................... 14

ARGUMENT ........................................................................ 15

I.    Plaintiff's Claims Should Be Dismissed For Lack of Standing. ........ 15

    A.    Plaintiff Fails To Allege Any Cognizable Article III Injury. ............................................................................. 15

        1.    Plaintiff does not allege any health effects or non-speculative possibility of health effects. ....................... 15

        2.    Plaintiff's claimed economic loss is unsupported. .......... 17

    B.    Plaintiff Lacks Standing to Pursue Non-California Claims. .......................................................................... 19

    C.    Plaintiff Lacks Standing for Claims For Products He Did Not Buy. ........................................................................... 20

II.    Plaintiff Fails to State Claims Under California Law. ........................ 21

    A.    The Absence of Injury Is Fatal to All of Plaintiff's Claims. ............................................................................. 21

    B.    Plaintiff Brings Non-Viable Claims For His Theories. ............. 22

        1.    The implied warranty claims (Counts IV, VI) fail. ......... 22

            i.    Plaintiff's implied warranty claims are time-barred. ......................................................... 22

            ii.    Plaintiff does not claim his gas stove was unmerchantable at the time of sale. ..................... 23

            iii.    Lack of privity bars plaintiff's implied warranty claims. .................................................. 23

        2.    Plaintiff has no viable fraudulent omission claim (Count VII). ........................................................... 24

            i.    The economic loss doctrine bars claims for fraudulent omission. .......................................... 24

            ii.    Plaintiff alleges no duty to disclose. .................... 25

        3.    Plaintiff's FAL claim (Counts II and V) cannot be based on omission. ................................................... 26

        4.    Plaintiff does not assert a viable unjust enrichment claim (Count VIII). ..................................................... 27

    C.    Plaintiff Fails to Properly Plead His Claims. ............................ 28

        1.    Plaintiff's fraud-based claims do not satisfy Rule 9(b). ......................................................................... 28

        2.    Plaintiff fails to plead his UCL claim (Counts I, V). ...... 31

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-2-

. CASE NO. 8:23-CV-00358-JWH-JDE

**TABLE OF CONTENTS**
(continued)

**Page**

D.   Plaintiff Prays For Relief To Which He Is Not Entitled. ......... 32

1.   Plaintiff cannot seek equitable relief. ............................ 32

2.   Plaintiff has no standing to seek injunctive relief. ......... 33

3.   Plaintiff's punitive damages plea is inadequate. ............ 34

CONCLUSION ...................................................................................... 35

Crowell
& Moring LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-3-

CASE NO. 8:23-CV-00358-JWH-JDE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*,
  No. 09-MDL-2007-GW-PJW, 2009 WL 9502003 (C.D. Cal. July 6,
  2009) ..................................................................................................... 20

*Andrade v. Pangborn Corp.*,
  2004 WL 2480708 (N.D. Cal. Oct. 22, 2004) .......................................... 23

*Andren v. Alere, Inc.*,
  207 F. Supp. 3d 1133 (S.D. Cal. 2016) ...................................... 26, 28, 29

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 14

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .................................................................. 27

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) .................................................................. 14

*Bankhurst v. Sub-Zero Group Inc., et al.*,
  No. 3:23-cv-253 (W.D. Wis.) .................................................................. 12

*Barakezyan v. BMW of N. Am., LLC*,
  No. CV1600173SJOGJSX, 2016 WL 2840803 (C.D. Cal. Apr. 7,
  2016) ....................................................................................................... 24

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) .................................................................. 33

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 14

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ....................................... 15, 16, 19, 23, 24

*Bowen v. Energizer Holdings, Inc.*,
  No. CV214356MWFAGRX, 2023 WL 1786731 (C.D. Cal. Jan. 5,
  2023) ................................................................................................. 17, 18

*Boysen v. Walgreen Co.*,
  No. C 11-06262 SI, 2012 WL 2953069 (N.D. Cal. July 19, 2012) .................. 18

*Briehl v. Gen. Motors Corp.*,
  172 F.3d 623 (8th Cir. 1999) ............................................................................. 21

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th
  Cir. 2017) ........................................................................................................... 17

*Chillon v. Ford Motor Co.*,
  No. CV222111DSFAGRX, 2022 WL 19569545 (C.D. Cal. Dec. 2,
  2022) ................................................................................................................... 35

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) ................................................................................ 14, 15

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .................................................................... 23, 24

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ............................................................... 20

*Dix v. Nova Benefit Plans, LLC*,
  No. CV1408678ABFFMX, 2015 WL 12859221 (C.D. Cal. Apr. 28,
  2015) ................................................................................................................... 19

*Dorsett v. Sandoz, Inc.*,
  No. CV067821AHMAJWX, 2010 WL 11512276 (C.D. Cal. June
  29, 2010) ............................................................................................................. 35

*Drake, et al. v. Haier US Appliance Sols.*,
  No. 3:23-cv-00939 (N.D. Cal.) ........................................................................... 12

*Easter v. Am. West Fin.*,
  381 F.3d 948 (9th Cir. 2004) .............................................................................. 20

*Elias v. Hewlett-Packard Co.*,
  903 F. Supp. 2d 843 (N.D. Cal. 2012) ................................................................ 23

*Fenerjian v. Nongshim Co., Ltd*,
  72 F. Supp. 3d 1058 (N.D. Cal. 2014) ................................................................ 20

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab.*
  *Litig.*,
  483 F. Supp. 3d 838 (C.D. Cal. 2020)..............................................24, 25, 26, 30

*Gamez v. Summit Nats. Inc.*,
  No. CV2205894DSFKSX, 2022 WL 17886027 (C.D. Cal. Oct. 24,
  2022)........................................................................................................33

*Goldstein v. Gen. Motors LLC*,
  517 F. Supp. 3d 1076 (S.D. Cal. 2021) ........................................24, 29

*Gomez v. Jelly Belly Candy Co.*,
  No. EDCV1700575CJCFFM, 2017 WL 8941167 (C.D. Cal. Aug.
  18, 2017)..............................................................................................32, 33

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*,
  No. C 09-1597, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010)....................16, 19

*Hess, et al. v. Samsung Elecs. Am., Inc.*,
  No. 3:23-cv-50106 (N.D. Ill.)..............................................................12

*Hodsdon v. Mars, Inc.*,
  162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th
  Cir. 2018)..............................................................................................27

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ..............................................................28

*Lassen v. Nissan N. Am., Inc.*,
  211 F. Supp. 3d 1267 (C.D. Cal. 2016)..........................................15, 16, 17, 18

*Lentz v. Sanderson Farms, Inc.*,
  No. 19-CV-06570-RS, 2020 WL 12656231 (N.D. Cal. Feb. 10,
  2020)....................................................................................................27, 28

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..............................................................................15

*Matray v. Ford Motor Co.*,
  No. CV 11-7767-GHK (CWX), 2011 WL 13221015 (C.D. Cal.
  Nov. 9, 2011)........................................................................................22

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012)..................................................21

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-6-

CASE NO. 8:23-CV-00358-JWH-JDE

*Milman v. FCA U.S., LLC*,
   No. SACV 18-00686 ........................................................................ *passim*

*Mosqueda v. Am. Honda Motor Co., Inc.*,
   443 F. Supp. 3d 1115 (C.D. Cal. 2020) .............................................. 25

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ........................................ 32, 33

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) .............................................................. 21

*Ortega v. Nat. Balance Inc.*,
   No. CV 13-05942 ABC EX, 2013 WL 6596792 (C.D. Cal. Dec. 16,
   2013) ................................................................................................... 34

*Papasan v. Dometic Corp.*,
   No. 16-CV-02117-HSG, 2017 WL 4865602 (N.D. Cal. Oct. 27,
   2017) ................................................................................................... 18

*Pardini v. Unilever United States, Inc.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ............................................. 20

*Parker v. Iolo Techs., L.L.C.*,
   No. 12-00984, 2012 WL 4168837 (C.D. Cal. Aug. 20, 2012) ........... 18

*Riva v. PepsiCo, Inc.*,
   82 F. Supp. 3d 1045 (N.D. Cal. 2015) ............................................... 16

*Rivera v. Wyeth-Ayerst Labs.*,
   283 F.3d 315 (5th Cir. 2002) ....................................................... 16, 17

*Robinson Helicopter v. Dana Corp.*,
   34 Cal. 4th 979, 22 Cal. Rptr. 3d 352, 102 P.3d 268 (2004) ............. 24

*Rossetti v. Stearn's Prod., Inc.*,
   No. CV 16-1875-GW(SSX), 2016 WL 3277295 (C.D. Cal. June 6,
   2016) ................................................................................................... 22

*Sherzai, et al. v. LG Elecs. USA, Inc.*,
   No. 2:23-cv-00429 (E.D. Cal.) ......................................................... 12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-7-

CASE NO. 8:23-CV-00358-JWH-JDE

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*
   *HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ....................................22, 28, 29, 30, 31

*Storm Mfg. Grp. Inc. v. Weather Tec Corp.*,
   No. CV 12-10849 CAS...................................................................................34

*Terteryan v. Med. Depot, Inc.*,
   No. CV 17-2358 DMG (EX), 2017 WL 5665006 (C.D. Cal. May
   18, 2017) .......................................................................................................29

*U.S. Hotel & Resort Mgmt., Inc. v. Onity, Inc.*,
   No. CIV. 13-1499 ..........................................................................................18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ......................................................................28

*Watkins v. Omni Life Sci., Inc.*,
   692 F. Supp. 2d 170 (D. Mass. 2010)......................................................21, 22

*Williams v. Yamaha Motor Corp., USA*,
   No. CV 13-05066 BRO, 2015 WL 13626022 (C.D. Cal. Jan. 7,
   2015) .........................................................................................................22, 23

*Zapata Fonseca v. Goya Foods Inc.*,
   No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8,
   2016) ..............................................................................................................33

**Statutes**

Cal. Bus. & Prof. Code § 17500 ...........................................................................26, 27

Cal. Civ. Code § 1780(d) ...........................................................................................22

Cal. Civ. Code § 1791.1(c) .........................................................................................22

Cal. Civil Code § 3294(b)...........................................................................................34

Cal. Com. Code § 2725(1) ..........................................................................................22

**Other Authorities**

Fed. R. Civ. Proc. 9(b) ........................................................................................*passim*

Fed. R. Civ. Proc. 12(b)(1) .........................................................................................14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-8-

CASE NO. 8:23-CV-00358-JWH-JDE

1

Fed. R. Civ. Proc. 12(b)(6) .................................................................. 14, 21

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON Friday, August 11, 2023 at 9:00 am, or as soon thereafter as the matter may be heard, in Courtroom 9D, 9th Floor of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, before the Honorable John W. Holcomb, Defendant BSH Home Appliances Corporation ("BSH") will, and hereby does, move this Court for an order dismissing this action.

This Motion is made on the grounds that the complaint should be dismissed because (1) plaintiff lacks standing under Article III of the United States Constitution because he alleges no injury in fact and lacks standing to pursue non-California consumer protection claims, or to pursue claims related to products he did not purchase; and (2) the complaint should be dismissed under Rule 12(b)(6) for failure to state a claim on numerous grounds, including that plaintiff brings claims that are not viable on the theories asserted; he fails to plead his claims; and he seeks forms of relief that are not available to him.

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, any reply memorandum, the filings in this action, and such other matters as may be presented at or before the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 5, 2023.

1 | May 12, 2023

CROWELL & MORING LLP

By: /s/ Emily T. Kuwahara
Emily T. Kuwahara
Rebecca B. Chaney
Scott Winkelman
Robbie Jost

*Attorneys for Defendant BSH Home
Appliances Corporation*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-11-

CASE NO. 8:23-CV-00358-JWH-JDE

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This threadbare complaint presents an alleged defect in search of an injury and viable claim for relief. Plaintiff Robert Hedrick ("plaintiff") claims that he purchased a BSH Home Appliances Corporation ("BSH") Thermador brand gas stove for use in home cooking; an appliance that he apparently used successfully for "home cooking" for five years; and that in fact he "likes" for use in home cooking. His complaint, then, is not about how his appliance operates; it is that it—along with every other gas cooking appliance sold in the U.S.—supposedly emits unsafe levels of air pollutants. Yet plaintiff identifies no health effects he has experienced—not one—after his successful, ongoing use of his stove for five years.

Apparently cognizant that his lack of personal or property injury would doom a products liability claim, plaintiff pivots to alleged economic loss and notions of consumer fraud. But try as he might, one of these things (products liability) is not like the other (consumer fraud). And the tenuous claims that result fail for numerous reasons.[1]

First, plaintiff brings claims that he has no personal stake to assert. Thus, plaintiff's complaint fails to pass the threshold jurisdictional bar of standing. Plaintiff alleges no concrete injury; he therefore lacks Article III standing. Plaintiff also lacks standing to pursue non-California consumer protection claims (Count V) and to pursue claims relating to products he did not purchase.

Reflecting his effort to morph his non-viable claims into a cognizable cause of action, plaintiff asserts various legal theories that are not recognized for the claim that he makes. Plaintiff brings implied warranty claims, but they are out-of-

---

[1] The tenuous and non-specific nature of plaintiff's claims is also apparent considering his counsel has filed four nearly-identical cases against other gas stove manufacturers. *See Drake, et al. v. Haier US Appliance Sols.*, No. 3:23-cv-00939 (N.D. Cal.); *Sherzai, et al. v. LG Elecs. USA, Inc.*, No. 2:23-cv-00429 (E.D. Cal.); *Hess, et al. v. Samsung Elecs. Am., Inc.*, No. 3:23-cv-50106 (N.D. Ill.); *Bankhurst v. Sub-Zero Group Inc., et al.*, No. 3:23-cv-253 (W.D. Wis.).

time, and are in any event not applicable here because plaintiff makes no allegation that his gas stove failed to properly perform its intended purpose; and because plaintiff is not in privity with BSH. Plaintiff's fraudulent omission claim similarly does not fit his claims: it is barred by the economic loss doctrine, and lacks any necessary alleged duty to disclose. Plaintiff similarly brings an FAL claim based on an omission, which is not recognized. Finally, plaintiff asserts an unjust enrichment claim, yet neither identifies, as he must, the state law under which he brings it nor alleges that a benefit was unduly conferred through the requisite means.

Even if plaintiff had a basis to assert his claims, he fails to properly plead them. Plaintiff's claims are grounded in a unified course of fraudulent conduct. They are, therefore, subject to Rule 9(b)'s heightened pleading requirements, which the complaint does not meet. He also does not allege with any factual support that BSH violated any prong of California's UCL.

Lastly, plaintiff seeks forms of relief inapplicable to his claims. He seeks injunctive relief, but does not plausibly allege the absence of an adequate legal remedy or properly define what injunctive relief he seeks. Further still, plaintiff seeks punitive damages, but offers no allegations to support this extraordinary remedy.

Even accepting all factual allegations of the complaint as true, plaintiff's complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff, a California resident, alleges that in August or September of 2017, he purchased a Thermador gas stove from Pacific Sales Kitchen and Home in Rancho Mirage, California. Compl. ¶¶ 5, 36. Plaintiff does not complain about the way his stove operated or functioned; in fact, he alleges that he likes it, *id.* ¶ 41. Yet he now claims that gas stoves, gas ranges, and gas ovens in general (with no specific allegation regarding his own stove) emit harmful pollutants. *Id.* ¶¶ 1, 13. Plaintiff's sole basis for this belief is "news reports," *id.* ¶ 38, none of which establish the causal

relationship plaintiff posits between use of gas stoves and alleged health risks. Plaintiff cites no study, news report, or other source that even discusses a risk associated specifically with the Thermador gas stove he purchased.

Plaintiff does not, in fact, claim any personal injury from use of his gas stove. Instead, he alleges that he was economically harmed by (a) the purchase of a product he would not have purchased; (b) overpayment for the Product; and (c) payment for a defective Product "worth less than [what] he paid for it." *Id.* ¶ 40. But plaintiff offers no support for these conclusory declarations. Based on these bare allegations alone, plaintiff asserts a series of common law and consumer protection claims on behalf of himself and a proposed nationwide class and proposed California and consumer protection subclasses of five other states. *Id.* ¶ 46. He seeks, *inter alia*, damages, punitive damages, restitution, and injunctive relief. *Id.* ¶ 147.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim over which it lacks subject-matter jurisdiction. A court lacks subject matter jurisdiction when a plaintiff does not have Article III standing. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013).

Under Rule 12(b)(6), the court should dismiss a complaint that fails to set forth facts that establish the elements of a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Labels and legal conclusions are not "facts" that must be accepted as true, and facts "merely consistent with" liability are insufficient. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 545, 557. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-14-

CASE NO. 8:23-CV-00358-JWH-JDE

## ARGUMENT

## I.     Plaintiff's Claims Should Be Dismissed For Lack of Standing.

### A.     Plaintiff Fails To Allege Any Cognizable Article III Injury.

Plaintiff's complaint fails at the threshold because he has not alleged Article III standing. "To establish Article III standing, a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the defendant's conduct; and the injury must be redressable by a favorable decision." *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1279 (C.D. Cal. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and quotations omitted). Further, an injury "must be *certainly* impending"; "'allegations of *possible* future injury' are not sufficient." *Clapper*, 133 S. Ct. at 1147.

Plaintiff does not allege any actual or certainly impending injury because he does not allege that his gas stove caused him health effects, impending future health effects, or any plausible economic loss.

### 1.     Plaintiff does not allege any health effects or non-speculative possibility of health effects.

Plaintiff does not allege actual or "certainly impending" injury. The backbone of his complaint is that gas appliances are defective because their emissions can cause health hazards. Compl. ¶ 15. Plaintiff, however, does not allege any health problems from use of his gas stove. Nor does he allege that normal use of his gas stove will inevitably, or even likely, cause him health issues.

California federal courts and courts nationwide regularly dismiss for lack of standing "no injury" claims by purchasers or users of products that, like plaintiff's gas stove, have not produced injury. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-61 (9th Cir. 2009) (allegation that Apple iPod posed inherent risk of noise-

induced hearing loss was not an actual or imminent injury because plaintiffs themselves were not injured and posited injury would require unidentified hypothetical users to listen to unsafe levels of sound for long periods of time); *Lassen*, 211 F. Supp. 3d at 1280 (plaintiffs claiming vehicles' keyless fobs lacked "auto-off" did not establish standing because plaintiffs did not experience the feared carbon monoxide poisoning and concerns of future harm were too speculative).

This includes cases, of particular relevance here, where the plaintiffs claim exposure to something supposedly harmful, yet themselves suffer no health consequences. Typical is *Riva v. PepsiCo, Inc.*, 82 F. Supp. 3d 1045 (N.D. Cal. 2015), where the plaintiffs claimed that Pepsi contained a carcinogenic ingredient, which they consumed, increasing their risk of a particular cancer, yet did not allege that they got cancer or a credible risk that they would. *Id.* at 1050, 1053. Thus, the plaintiffs lacked standing. *Id.* at 1052. *See also Herrington v. Johnson & Johnson Consumer Cos., Inc.*, No. C 09-1597, 2010 WL 3448531, *3 (N.D. Cal. Sept. 1, 2010) (plaintiffs lacked standing for claim that they purchased children's bath products that contained probable human carcinogens where they only alleged that scientists believed there was no safe level of exposure to those carcinogens and children were more vulnerable to exposure than adults); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (plaintiffs failed to allege standing where claimed injury was based on purchase and ingestion of drug found to have high risk of organ damage, which plaintiffs themselves did not suffer).

At bottom, plaintiff cannot avoid the constitutional defect in what are fundamentally product liability claims by "ground[ing] [his] claims in consumer fraud and seek[ing] contract-oriented economic damages." *Lassen*, 211 F. Supp. 3d at 1281 (finding no standing where "an alleged defect [] did not injure them and [] would not therefore give rise to a products liability claim"); *Rivera*, 283 F.3d at 320-21 ("plaintiffs apparently believe that if they keep oscillating between tort and

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

CASE NO. 8:23-CV-00358-JWH-JDE

contract law claims, they can obscure the fact that they have asserted no concrete injury . . . [this] artful pleading, however, is not enough to create an injury in fact").

### 2. Plaintiff's claimed economic loss is unsupported.

Plaintiff also cannot engineer standing here by claiming economic injury, yet asserting no facts plausibly suggesting any economic harm.[2] Plaintiff alleges that he: (1) "spent money to purchase a Product he would not otherwise have purchased absent Defendant's misconduct," (2) "overpaid" due to the allegedly fraudulent omissions, and (3) "paid for a defective product that, in truth, is worth less than he paid for it." Compl. ¶ 40.

But, as here, "when economic loss is predicated solely on how a product functions, and the product has not malfunctioned, . . . something more is required than simply alleging an overpayment for a 'defective' product." *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017) (citation and quotations omitted).

Indeed, federal courts consistently find that conclusory allegations of economic loss that are based on an underlying risk that is itself speculative do not plausibly plead "something more" to create standing. *See id.* at 970-71 (dismissing with prejudice, finding alleged economic injury from purchase of vehicles equipped with computer technology allegedly susceptible to being hacked by third parties was insufficient for standing because "the alleged economic injury rest[ed] solely upon the existence of a speculative risk of future harm"); *see also Bowen v. Energizer Holdings, Inc.*, No. CV214356MWFAGRX, 2023 WL 1786731, at *8-9 (C.D. Cal. Jan. 5, 2023) (dismissing with prejudice, finding alleged economic injuries from purchase of benzene-containing sunscreen products insufficient for standing because "[p]laintiff's alleged loss in value also rests on a hypothetical risk

---

[2] Moreover, because plaintiff "ha[s] expressly limited [himself] to economic damages, [he] cannot base standing on [his] 'concern' about future personal injury." *Lassen*, 211 F. Supp. 3d at 1280.

that a product containing 0.29 ppm of benzene, an amount within the FDA guidelines, is unsafe" and "an economic harm premised on speculative risks cannot establish Article III standing"); *Parker v. Iolo Techs., L.L.C.*, No. 12-00984, 2012 WL 4168837, at *2 (C.D. Cal. Aug. 20, 2012) (dismissing with prejudice, finding no standing where plaintiff did not plausibly allege that he experienced a product defect or paid money for a product "that [] did not function as advertised"); *Lassen*, 211 F. Supp. 3d at 1280-1284 (dismissing with prejudice, finding plaintiffs' alleged economic injuries could not support standing where they made no allegation the keyless fob systems at issue malfunctioned or failed); *Papasan v. Dometic Corp.*, No. 16-CV-02117-HSG, 2017 WL 4865602, at *5–7 (N.D. Cal. Oct. 27, 2017) (dismissing, finding insufficient for standing claimed economic injury where plaintiff alleged refrigerators' gas absorption cooling units caused them to leak pressurized gas and create an unreasonable risk of fire because, beyond conclusory allegation of overpayment, the "allegedly economic injury, as currently pled, rests only upon a speculative risk of future harm"); *Boysen v. Walgreen Co.*, No. C 11-06262 SI, 2012 WL 2953069, at *1, *7 (N.D. Cal. July 19, 2012) (dismissing and finding purchasers of fruit juice who claimed economic injury related to defendant's alleged failure to disclose presence of arsenic and lead lacked standing because underlying risk presented by product was too speculative); *U.S. Hotel & Resort Mgmt., Inc. v. Onity, Inc.*, No. CIV. 13-1499 SRN/FLN, 2014 WL 3748639, at *3, *7 (D. Minn. July 30, 2014) (dismissing with prejudice, finding plaintiffs who claimed hotel room locks could be breached lacked standing because "the only concrete actual damages they can identify as a present injury are confined to the costs they have incurred to remedy the 'defect' in order to prevent the future injury of a third party's unauthorized access" but costs were "due to their anticipation of *future* injury").

Plaintiff here similarly lacks standing because his claimed economic injury is premised solely on the purely speculative risk of health effects from gas stove

emissions. Plaintiff asserts that "Defendant sold its [gas stove] specifically for cooking inside the home," and that plaintiff purchased that stove "for the particular purpose of cooking inside the home." Compl. ¶¶ 69, 124. Plaintiff thus asserts that *he got "specifically" what he paid for.* Plaintiff does not suggest he was unable to, or did not, use his stove "for cooking inside the home." To the contrary: he used it and "likes" it. *Id.* ¶ 41. Plaintiff makes no allegation that his gas stove does not function as intended. Plaintiff's conclusory allegation that he "would not have purchased Defendant's Product had he known that it emitted harmful pollutants like nitrogen oxide," is offered with no factual support. *Id.* ¶ 39. He has experienced no product malfunction, and his claimed economic injury rests on an impermissibly speculative future possibility of health effects. His plea for some otherwise-designed stove than the 2017 Thermador stove he bought, and which worked as intended, is not economic loss and is not cognizable injury. *See Herrington*, 2010 WL 3448531, at *4-5 (allegation plaintiffs would not have purchased products had they had known of potential carcinogens was insufficient for standing absent showing products were unfit for use).[3]

Lacking injury, plaintiff lacks Article III standing. Without standing, this case cannot survive.

### B.    Plaintiff Lacks Standing to Pursue Non-California Claims.

Plaintiff alleges that he lives in California and purchased his stove from a California retailer. Compl ¶¶ 5, 36. He makes no allegation of conduct or events regarding any other jurisdiction. Yet on behalf of himself and putative subclasses, plaintiff asserts claims under state consumer protection laws in five other states:

---

[3] Because plaintiff lacks Article III standing, he also lacks standing under the California consumer protection statutes. *See, e.g., Birdsong*, 590 F.3d at 960 n.4 (noting UCL incorporates Article III's injury in fact requirement); *Dix v. Nova Benefit Plans, LLC*, No. CV1408678ABFFMX, 2015 WL 12859221, at *8 (C.D. Cal. Apr. 28, 2015) ("California's 'UCL and FAL incorporate the Article III standing requirements, but additionally require that the plaintiff plead an economic injury.'") (citation and quotation omitted).

Connecticut, Illinois, Maryland, Missouri, and New York (Count V). Compl. ¶¶ 107-113. All claims under these state laws fail for lack of standing.

A plaintiff does not have standing to assert a claim based on the law of a state where the plaintiff neither resided nor suffered injury. *Fenerjian v. Nongshim Co., Ltd*, 72 F. Supp. 3d 1058, 1082–83 (N.D. Cal. 2014). Accordingly, "[c]ourts routinely dismiss [on the pleadings class] claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016) (quotation omitted); *id.* at 991 (dismissing on pleadings putative class claim under state consumer protection act where no named plaintiff resided, or alleged relevant transactions, in that state); *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*, No. 09-MDL-2007-GW-PJW, 2009 WL 9502003, at *6 (C.D. Cal. July 6, 2009) (dismissing putative class claims under state laws where no named plaintiff resided, or claimed to have purchased product, in those states); *Fenerjian*, 72 F. Supp. 3d at 1083 (same); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (same). In the Ninth Circuit, standing should be addressed before class certification, and is properly resolved on a motion to dismiss. *Easter v. Am. West Fin.*, 381 F.3d 948, 962 (9th Cir. 2004).

The sole named plaintiff is domiciled in California, and alleges no relevant purchase in or relationship to any state outside of California. Compl. ¶¶ 5, 36. The non-California claims should be dismissed.

C.     **Plaintiff Lacks Standing for Claims For Products He Did Not Buy.**

Plaintiff claims that he purchased a Thermador gas stove, yet purports to bring claims based upon other products (*i.e.*, gas ovens and ranges) and other "brand names" (*i.e.*, "including" "Bosch," without indicating the brand names he purports to include). Compl. ¶¶ 4, 8, 13. Plaintiff alleges no nexus between himself and stoves he did not purchase. A plaintiff lacks standing to bring claims based on products he did not purchase, where, as here, the complaint fails to allege

1  substantial similarity between the product the plaintiff purchased and those he did

2  not. *See, e.g.*, *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D.

3  Cal. 2012) (granting motion to dismiss).

4  **II.   Plaintiff Fails to State Claims Under California Law.**

5       Plaintiff's claims do not survive scrutiny under Rule 12(b)(6) because

6  substantive defects render them non-viable. Plaintiff further fails to plead his

7  claims, including under Federal Rule of Civil Procedure 9(b), as is required,

8  because he asserts a unified course of fraudulent conduct. Plaintiff, moreover, seeks

9  injunctive relief and punitive damages, neither of which he alleges a basis to assert.

10      **A.   The Absence of Injury Is Fatal to All of Plaintiff's Claims.**

11      Actual injury is a required element of each of plaintiff's claims. But

12  plaintiff's gas stove has not malfunctioned and he does not allege any harmful

13  effects to his health as a result of the claimed emissions. *Infra* § I.A. Plaintiff's

14  allegations are just a speculative allegation of future risk, or unsupported alleged

15  economic harm based solely on that risk, which do not support his claims for

16  violation of California's consumer protection statutes, breach of implied warranties,

17  fraudulent omission, or unjust enrichment. *See, e.g.*, *O'Neil v. Simplicity, Inc.*, 574

18  F.3d 501, 506 (8th Cir. 2009) ("No-injury suits such as this one, however, are

19  routinely dismissed for failure to state a claim"); *Briehl v. Gen. Motors Corp.*, 172

20  F.3d 623, 630 (8th Cir. 1999) (dismissing express and implied warranty claims for

21  failure to adequately plead harm from purported defect in brakes that did not

22  become apparent in plaintiff vehicle owners' brakes and where plaintiffs only pled

23  overpayment at purchase and lost resale); *Watkins v. Omni Life Sci., Inc.*, 692 F.

24  Supp. 2d 170, 176 (D. Mass. 2010) (dismissing putative class action asserting

25  breach of implied warranty, fraud, violations of consumer protection laws, and

26  unjust enrichment because "[a]pprehension of a heightened risk stemming from an

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-21-

CASE NO. 8:23-CV-00358-JWH-JDE

allegedly defective product that has not failed or caused harm is insufficient as a matter of law to support a claim").[4]

### B. Plaintiff Brings Non-Viable Claims For His Theories.

#### 1. <u>The implied warranty claims (Counts IV, VI) fail.</u>

##### i. Plaintiff's implied warranty claims are time-barred.

Plaintiff's implied warranty claims under the Song-Beverly Consumer Warranty Act ("SBA") and the U.C.C. are subject to a four-year statute of limitations under Cal. Com. Code § 2725(1), which runs from the date of delivery. Cal. Com. Code § 2725(1) ("[A] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . "). *See Matray v. Ford Motor Co.*, No. CV 11-7767-GHK (CWX), 2011 WL 13221015, at *1-2 (C.D. Cal. Nov. 9, 2011) (SBA warranty claim governed by same four-year statute of limitations for warranties under California U.C.C.). A cause of action under the SBA accrues at latest one year after the date of sale, as the SBA restricts the duration of an implied warranty to a maximum of one year. *See Matray*, 2011 WL 13221015, at *2; Cal. Civ. Code § 1791.1(c).

Plaintiff purchased his gas stove "in August or September of 2017" (Compl. ¶ 36), but did not bring his claim until March 1, 2023—more than one year after the limitations period had expired on his U.C.C. claim and six months after the limitations period had expired on his SBA claim. Plaintiff's implied warranty claims are therefore time-barred. *See, e.g.*, *Matray*, 2011 WL 13221015, at *2 (dismissing as time-barred claim for SBA breach of implied warranty); *Williams v. Yamaha Motor Corp., USA*, No. CV 13-05066 BRO (VBKx), 2015 WL 13626022,

---

[4] Plaintiff's CLRA claim should be dismissed for the additional reason that he did not file a venue affidavit, as required by Cal. Civ. Code § 1780(d). *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010) (dismissing CLRA claim for failure to file venue affidavit); *Rossetti v. Stearn's Prod., Inc.*, No. CV 16-1875-GW(SSX), 2016 WL 3277295, at *2 (C.D. Cal. June 6, 2016) (same).

at *5 (C.D. Cal. Jan. 7, 2015) (dismissing as time-barred claim for Cal. U.C.C. breach of implied warranties).

### ii.    Plaintiff does not claim his gas stove was unmerchantable at the time of sale.

Plaintiff's complaint does not sound in warranty. The implied warranty of merchantability—under the U.C.C. and the SBA—is not a promise that goods will meet a buyer's every expectation; rather, it provides for a minimum level of quality. *Andrade v. Pangborn Corp.,* 2004 WL 2480708, at *23 (N.D. Cal. Oct. 22, 2004). A product is merchantable if it functions appropriately for a period of time, and the alleged defect did not render the product inoperable. *Birdsong*, 590 F.3d at 958-59.

Here, plaintiff does not plausibly allege that BSH's gas appliances were unfit for cooking food, that they were not of the quality generally acceptable in the trade, or that they did not work as intended. Far from it. Plaintiff appears to concede that his stove worked without incident for more than five years and that he "likes [BSH's] Products" and would purchase them again. Compl. ¶ 41. Absent allegations that the stove failed to do what it was designed to do—*i.e.*, "cooking inside the home," Compl. ¶ 30—plaintiff's stove was merchantable as a matter of law, and his breach of implied warranty claims should be dismissed. *See Birdsong*, 590 F.3d at 959 (plaintiffs failed to allege breach of implied warranty under U.C.C. where no allegations of history of malfunction or how product failed to function as designed); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852-53 (N.D. Cal. 2012) (dismissing breach of implied warranty claim under SBA where plaintiff failed to allege any defect that rendered product unfit for its ordinary purpose).

### iii.    Lack of privity bars plaintiff's implied warranty claims.

Under California law, a plaintiff must be in privity with the defendant to recover economic damages for breach of the U.C.C.'s implied warranty of merchantability. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023-24 (9th Cir. 2008). "A buyer and seller stand in privity if they are in adjoining links of

the distribution chain. Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." *Id.* at 1023 (internal citation omitted). Plaintiff purchased his stove from a retailer. Compl. ¶ 36. Thus, plaintiff's U.C.C. implied warranty claim fails for lack of privity with BSH, the manufacturer of plaintiff's gas stove. *See Clemens*, 534 F.3d at 1024 ("A lack of vertical privity requires the dismissal of [plaintiff's] implied warranty claims.").

Plaintiff's SBA warranty claim should likewise be dismissed because it "require[s] the plaintiff[] to plead successfully a breach of state warranty law," which, in the absence of privity, plaintiff cannot do. *Birdsong*, 590 F.3d at 958 n.2; *see also Barakezyan v. BMW of N. Am., LLC*, No. CV1600173SJOGJSX, 2016 WL 2840803, at *10 (C.D. Cal. Apr. 7, 2016).

### 2.   <u>Plaintiff has no viable fraudulent omission claim (Count VII).</u>

#### i.   **The economic loss doctrine bars claims for fraudulent omission.**

The economic loss doctrine prohibits a plaintiff from recovering in tort for "purely economic losses that are contractual in nature." *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1093 (S.D. Cal. 2021) (citations and quotations omitted). "Accordingly, a plaintiff cannot assert tort claims based on a product not performing as promised—that is simply an economic loss recoverable in a contract-based action." *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 848 (C.D. Cal. 2020).

California courts recognize an exception to the economic loss rule in the case of *affirmative* fraudulent misrepresentation. *Goldstein*, 517 F. Supp. 3d at 1093 (citing *Robinson Helicopter v. Dana Corp.*, 34 Cal. 4th 979, 989-93, 22 Cal. Rptr. 3d 352, 102 P.3d 268 (2004)). Because this exception does not apply in an omission case, like this one, *Ford Motor*, 483 F. Supp. 3d at 848, courts dismiss such claims per the economic loss doctrine. *Id.*; *Ford Motor*, 483 F. Supp. 3d at 850 (same); *id.* at 850 n.5 (collecting cases where economic loss barred fraudulent omission

1   claims); *Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1134

2   (C.D. Cal. 2020).

3         Plaintiff's fraudulent omission claim seeks to recover economic losses only.

4   Compl. ¶ 40. He does not allege personal or property injury. *Infra* § I.A. His

5   fraudulent omission claim is thus barred by the economic loss doctrine as a matter

6   of law.

7                    **ii.    Plaintiff alleges no duty to disclose.**

8         Plaintiff also does not plausibly assert that BSH had any legally recognized

9   duty to disclose the alleged defect, a necessary element of his claim. In California,

10   to allege a duty to disclose, "a plaintiff must show that the defendant (1) is in a

11   fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material

12   facts not known to the plaintiff; (3) actively conceals a material fact from the

13   plaintiff; or (4) makes partial representations but also suppresses some material

14   fact." *Milman v. FCA U.S., LLC*, No. SACV 18-00686 JVS(SSx), 2018 WL

15   5867481, at *10 (C.D. Cal. Aug. 30, 2018) (citation omitted).

16         Plaintiff overlooks the first element completely, and does not claim any

17   fiduciary relationship with BSH. Nor could he: consumer product retailers are not

18   fiduciaries of their customers. As for the second option—to show "exclusive

19   knowledge by a defendant"—the plaintiff "must allege that a defendant was aware

20   of a defect at the time of sale," and that "given the nature of the defect, it was

21   difficult to discover." *Milman*, 2018 WL 5867481, at *10 (quotation omitted).

22   Conclusory or generalized allegations are not sufficient. *Id.* Yet the complaint

23   offers only conclusory generalizations. *See* Compl. ¶ 31 (BSH allegedly "had

24   exclusive knowledge of the defect (which is unknown to everyday consumers)").

25   Plaintiff cites to various publicly-available studies and alleges BSH would have

26   been aware of these studies because BSH "monitors and keeps track of research on

27   the health effects of its products." Compl. ¶¶ 20-25. But by pointing solely to

28   publicly-available information, plaintiff's own allegations negate exclusive

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS
                                    -25-

knowledge. *See Milman*, 2018 WL 5867481, at *11; *Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1143 (S.D. Cal. 2016).

As to the third option, "[t]o state a claim for active concealment, [a] plaintiff[] must plead more than an omission; rather, [he] must plead affirmative acts of concealment; e.g., that the defendant sought to suppress information in the public domain or obscure the consumers' ability to discover it." *Milman*, 2018 WL 5867481, at *11 (quotations omitted). Plaintiff makes no such allegation. He asserts only that "nothing on Defendant's packaging, instructions, or warning labels suggest that the gas stoves regularly emit pollutants that are harmful to human health" and that the "labels and warnings do not mention any risk of nitrogen oxides." Compl. ¶ 29. Plaintiff alleges no action on the part of BSH, just "mere nondisclosure."

Finally, as to the fourth avenue, "California recognizes a duty to disclose an alleged defect when the defendant makes partial representations but also suppresses some material facts." *Id.* (quotations omitted). "A plaintiff arguing a duty to disclose additional facts arising from a defendant's misleading partial representation must also satisfy the Rule 9(b) standard." *In re Ford Motor Co.*, 483 F. Supp. 3d at 846. Plaintiff alleges no such thing, as he does not assert with any particularity whatsoever that BSH partially disclosed emission risks and thus misled him by selective sharing.

Plaintiff's fraudulent omission claim fails, and the Court should dismiss Count VII.

### 3. Plaintiff's FAL claim (Counts II and V) cannot be based on omission.

The Court should also dismiss Plaintiff's FAL claims because they are improperly based on BSH's alleged *omission*, not any affirmative statement. California's FAL prohibits "mak[ing] or disseminat[ing] . . . any *statement* . . . which is untrue or misleading, and which is known, or by the exercise of reasonable

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-26-

CASE NO. 8:23-CV-00358-JWH-JDE

care should be known, to be untrue or misleading . . . " Cal. Bus. & Prof. Code § 17500 (emphasis added). Because the FAL regulates the making or disseminating of a statement, courts commonly hold that a plaintiff asserting that a company *omitted* a purportedly material fact in its advertisements or labeling has not stated a claim under the FAL. *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023–24 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ("When the crux of a plaintiff's FAL claim is that the defendant did not make any statement at all about a subject, then a claim under the FAL may not advance") (dismissing claim Mars violated FAL by failing to include information about forced labor practices of its suppliers on product labels). The same result should follow here.

### 4. Plaintiff does not assert a viable unjust enrichment claim (Count VIII).

Plaintiff's claim for unjust enrichment (Count VIII) seeking restitution, Compl. ¶¶ 139-145, should be dismissed for two additional reasons.

First, plaintiff fails to specify under which state law the claim is brought. "Due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Lentz v. Sanderson Farms, Inc.*, No. 19-CV-06570-RS, 2020 WL 12656231, at *8 (N.D. Cal. Feb. 10, 2020) (quotation and citations omitted).

Second, a plaintiff pleading a standalone claim for unjust enrichment under California law must allege that the defendant "has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Id.* (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Plaintiff does not allege the benefit was conferred through mistake, fraud, coercion, or request. *See* Compl. ¶¶ 141-143.

Accordingly, plaintiff's unjust enrichment claim fails. *Lentz*, 2020 WL 12656231, at *8 (dismissing unjust enrichment claim that did not specify state law under which claim was brought, did not plead defendant was unjustly conferred

through mistake, fraud, coercion or request, and failed to plead predicate claims grounded in fraud with particularity).

### C.   Plaintiff Fails to Properly Plead His Claims.

#### 1.   Plaintiff's fraud-based claims do not satisfy Rule 9(b).

Plaintiff's complaint alleges a unified course of fraudulent conduct by omission by BSH in marketing its gas stoves as a predicate for violation of the UCL (Count I), the FAL (Count II), the CLRA (Count III), state consumer protection statutes (Count V)[5], common law fraudulent omission (Count VII), and unjust enrichment (Count VIII). Each of these claims is thus subject to the heightened pleading standard of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)"); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125, 1127 (9th Cir. 2009) ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *Milman*, 2018 WL 5867481, at *14  (claims for violation of fraudulent prong of UCL and CLRA, fraud, and fraudulent concealment subject to Rule 9(b)); *Andren*, 207 F. Supp. 3d at 1140 (claims for violations of CLRA, UCL, fraud, and unjust enrichment subject to Rule 9(b)); *In re Sony Grand Wega*, 758 F. Supp. 2d at 1093  (Rule 9(b) applies if plaintiff alleges fraud as basis for violation of FAL).

Rule 9(b) requires a plaintiff to state with particularity "the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For fraudulent omission, a

---

[5] Count V asserts violations of state consumer protection statutes in California, Connecticut, Illinois, Maryland, Missouri, and New York. The California consumer protection statutes plaintiff pursues under Count V are duplicative of Counts I-III: the UCL, the FAL, and the CLRA, and fail for the same reasons as Counts I-III.

plaintiff must describe "where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations." *Goldstein*, 517 F. Supp. 3d at 1086 (citation omitted). Actual reliance and causation (that the plaintiff sustained damage as a result of the omission) are essential elements for a fraudulent omission claim. *Id.* at 1092.

The complaint fails Rule 9(b)'s requirements. Plaintiff does not describe the content of the omission, where the omitted information should or could have been revealed, or provide representative samples on which he relied and that he claims failed to include the allegedly omitted information. He alleges only the timing and location of his purchase and the conclusory statement that BSH's "marketing materials, and stickers did not disclose or warn that the product emitted harmful pollutants, such as nitrogen oxides, or disclose the risks of these pollutants." Compl. ¶¶ 36, 37. In just these circumstances courts find pleadings inadequate. *See Milman*, 2018 WL 5867481, at *14 (dismissing claims for violation of fraudulent prong of UCL, violation of the CLRA, fraud, and fraudulent concealment under Rule 9(b) where plaintiff merely alleged defendant did not disclose risk of rodents chewing on soy- or bio-based vehicle components, which allegedly could cause vehicle malfunction); *Terteryan v. Med. Depot, Inc.*, No. CV 17-2358 DMG (EX), 2017 WL 5665006, at *3 (C.D. Cal. May 18, 2017) (dismissing UCL and CLRA claims alleging fraudulent omission where plaintiff failed to describe samples of representations they relied on and failed to describe omitted information concerning ability of walking cane to bear weight).

Plaintiff also alleges no facts to establish his reliance on any alleged BSH omission, or to support a causal connection between any alleged BSH omission and any claimed injury. *See, e.g.*, *Andren*, 207 F. Supp. 3d at 1141 (dismissing fraud-based claims due to conclusory allegations of reliance and because insertion of copy of web page for the product into complaint, without allegations plaintiffs ever saw or relied on it, were insufficient to support reliance or causation); *In re Sony*

*Grand Wega*, 758 F. Supp. 2d at 1092-94 (dismissing claims alleging violations of UCL, CLRA, and FAL for failing to allege reliance with particularity). Plaintiff merely alleges, in vague and conclusory fashion, that he "relied on the representations on the marketing materials and stickers on the stove disclosing risks," which "did not disclose or warn that the product emitted harmful pollutants." Compl. ¶ 37. He further alleges that he purchased the stove "on the assumption that using [it] would not expose him to a significant air pollutant risk." *Id.* ¶ 39. These bare allegations include no specifics as to which of BSH's representations (if any) plaintiff actually saw, or when. And they do not link his alleged injuries to those representations or omissions with the required particularity. They therefore fall short of Rule 9(b).

Further, for fraudulent omission specifically, a plaintiff must plead the defect with particularity. *In re Ford Motor Co.*, 483 F. Supp. 3d at 846. A plaintiff who merely describes performance problems with a product does not sufficiently identify the defect the defendant allegedly failed to disclose. *Id.* at 846-847 (plaintiff who alleged transmission was defective insofar as it slipped, bucked, kicked, jerked and had premature failure did not plead an omission with requisite particularity). The gravamen of plaintiff's claims is that a defect in BSH's gas appliances causes emissions that are hazardous to human health, and BSH failed to disclose this defect. *See* Compl. ¶¶ 15, 16, 30. Plaintiff merely alleges the *effects* of the alleged defect on human health, without identifying what precisely the defect is. Accordingly, plaintiff fails to state a claim for fraudulent omission.

The Court should dismiss Counts I, II, III, V, VII, and VIII because plaintiff's conclusory allegations do not meet Rule 9(b)'s pleading standard.  This includes Count V's claims brought under non-California state consumer protection statutes because these claims are based on the same underlying facts as the California claims and thus likewise fail to satisfy Rule 9(b). *In re Sony Wega*, 758 F. Supp. 2d at 1096-97 (having dismissed plaintiffs' claims under UCL, FAL, and

CLRA, summarily dismissing claims for violations of other states' consumer protection statutes where claims were "grounded in [the same] theories of" fraud).

### 2. **Plaintiff fails to plead his UCL claim (Counts I, V).**

Plaintiff alleges that BSH violated California's UCL by violating each of its three prongs: the fraudulent prong, the unlawful prong, and the unfair prong. Compl. ¶¶ 60-67. Plaintiff fails to state a claim under any of the UCL's prongs.

First, claims brought under the fraudulent prong of the UCL must satisfy Rule 9(b). *Milman*, 2018 WL 5867481, at *14. As discussed *infra*, the Court should dismiss the fraudulent UCL claim for lack of particularity.

Second, claims under the unlawful prong of the UCL treat violations of other federal, state, regulatory, or court-made law as independently actionable under the UCL. *Id.* To satisfy this prong, plaintiff alleges BSH engaged in unlawful conduct by violating the CLRA, the FAL, and the Song-Beverly Consumer Warranty Act. Compl. ¶ 61. Plaintiff's underlying CLRA, FAL, and Song-Beverly Consumer Warranty Act claims fail for the reasons discussed. *See infra* §§ I.A., II.A., II.B.1., II.B.3., II.C.1. The Court should thus dismiss plaintiff's UCL claim under the "unlawful" prong. *Milman*, 2018 WL 5867481, at *14-15.

Third, plaintiff does not meet either the balancing or public policy tests that California courts apply to assess a UCL claim under the "unfair" prong. Under the balancing test, a court will consider the utility of the defendant's conduct weighed against the gravity of the harm to the alleged victim. *Id.* at *14 (quotation omitted). Plaintiff seeks to meet the balancing test by alleging that BSH's conduct caused "substantial injury" to plaintiff and subclass members. Compl. ¶ 64. These injuries allegedly were not outweighed by any countervailing benefits to consumers or competition because BSH's actions have no public utility. *Id.* Plaintiff's allegations of violation of the UCL's "unfairness" prong lack factual support. *See Milman*, 2018 WL 5867481, at *14 (allegations that defendant's omissions were "immoral,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-31-

CASE NO. 8:23-CV-00358-JWH-JDE

unethical, and oppressive," and "not outweighed by any countervailing benefit to consumers," were "conclusory and devoid of factual support").

Under the public policy test, courts evaluate whether the conduct at issue violates a public policy that is tethered to specific constitutional, statutory, or regulatory provisions. *Id.* (quotation omitted). In support of the public policy test, plaintiff alleges that BSH "violated established public policy by violating the CLRA, the FAL, and the Song-Beverly Consumer Warranty Act" (Compl. ¶ 63). This effort fails because plaintiff's underlying CLRA, FAL, and Song-Beverly Consumer Warranty Act claims fail. *See infra* §§ I.A., II.A., II.B.1., II.B.3., II.C.1.

Thus, plaintiff's UCL claim should be dismissed under all three prongs.

### D.   Plaintiff Prays For Relief To Which He Is Not Entitled.

#### 1.   <u>Plaintiff cannot seek equitable relief.</u>

Plaintiff seeks both damages and, in the alternative, restitution, because he allegedly "has no adequate remedy at law." Compl. ¶ 42. However, "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law." *Milman*, 2018 WL 5867481, at *15 (internal citation and quotation omitted). "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Gomez v. Jelly Belly Candy Co.*, No. EDCV1700575CJCFFM, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) (citations omitted). Though he alleges uncertainties in connection with his ability to obtain legal remedies, Compl. ¶¶ 43-44, the complaint lacks any plausible allegations that plaintiff could not be made whole by money damages or that money damages would be too speculative. In fact, plaintiff's request for restitution is based on the same conduct as his claims for damages. Accordingly, the Court should dismiss plaintiff's request for equitable relief, including his claims under the UCL, FAL, and the CLRA. *See Milman*, 2018 WL 5867481, at *15-16 (dismissing claim for equitable relief absent allegations of inadequacy of legal remedy); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203

(N.D. Cal. 2017) (dismissing claims for equitable relief, including UCL and FAL claims where plaintiff was entitled to adequate legal remedy); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at \*8 (N.D. Cal. Sept. 8, 2016) (dismissing CLRA, UCL, FAL, and unjust enrichment claims because plaintiff had adequate remedy at law); *Gomez*, 2017 WL 8941167, at \*1-2 (dismissing UCL and FAL claims and CLRA claims seeking equitable relief with prejudice because, though there had been no determination an adequate remedy at law existed for plaintiff, "she has not even alleged facts that could support a future finding that monetary relief is insufficient to compensate her for the alleged harm").

## 2. Plaintiff has no standing to seek injunctive relief.

Plaintiff also alleges that "prospective injunctive relief is necessary." Compl. ¶ 41. *See also id.* ¶ 92 (plaintiff seeks injunctive relief pursuant to the CLRA on behalf of himself and the California subclass). Plaintiff does not, however, define what form of injunctive relief he is seeking.

To show standing to seek injunctive relief, a plaintiff must establish that he or she is realistically threatened by a repetition of the violation and must show a real and immediate threat of repeated injury. *Gamez v. Summit Nats. Inc.*, No. CV2205894DSFKSX, 2022 WL 17886027, at \*3 (C.D. Cal. Oct. 24, 2022) (citations and quotations omitted). "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Id.* (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985-86 (9th Cir. 2007)). Plaintiff cannot meet this burden. He has not alleged any personal injury resulting from use of his gas stove, nor any inevitable or even likely health issues. *See infra* § I.A.1. Because he does not define what injunctive relief he seeks, it is impossible to ascertain whether any claimed threat of injury could be redressed. His generic, unsupported request for injunctive relief fails, and should be dismissed.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT BSH HOME APPLIANCES CORP.'S
MOTION TO DISMISS

-33-

CASE NO. 8:23-CV-00358-JWH-JDE

### 3.  Plaintiff's punitive damages plea is inadequate.

In a final example of conclusory pleading, the complaint concludes by seeking punitive damages individually and for the proposed class and subclasses. Compl. ¶¶ 138, 147. Because plaintiff's request recites the elements without one iota of factual support, plaintiff's claim for punitive damages should be dismissed.

Punitive damages are drastic relief. In California, to impose liability on a corporation, the wrongful act giving rise to exemplary damages must be committed by an officer, director, or managing agent, or the conduct at issue must be authorized or ratified by a company director or manager. *Ortega v. Nat. Balance Inc.*, No. CV 13-05942 ABC EX, 2013 WL 6596792, at *5 (C.D. Cal. Dec. 16, 2013) (citation omitted); *Storm Mfg. Grp. Inc. v. Weather Tec Corp.*, No. CV 12-10849 CAS FFMX, 2013 WL 5352698, at *10 (C.D. Cal. Sept. 23, 2013) (citing Cal. Civil Code § 3294(b)).

In *Storm Manufacturing Group*, the court dismissed a prayer for punitive damages premised on allegations that Weather Tec advertised its brass impact sprinklers were made in the USA, but they were at least partially made outside the U.S. 2013 WL 5352698, at *2, 10. The court found that the plaintiff did not allege the requisite authorization or ratification by any manager or director of Weather Tec, requiring dismissal. *Id.* at *10. The same analysis produced the same outcome in *Ortega*. There, plaintiffs sought punitive damages in connection with Natural Balance's allegedly false and misleading statements regarding the health and aphrodisiac properties of its dietary supplement. 2013 WL 6596792, at *1. The court granted the motion to dismiss the request for punitive damages because plaintiffs failed to plead that any wrongful conduct was committed by an officer, director, or managing agent—a substantive element of the claim. *Id.* at *5.

So too here. Plaintiff alleges in conclusory fashion that BSH's acts "were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's rights and well-being." Compl. ¶ 138. Tellingly absent are

1    any allegations of wrongful conduct by an officer, director, or managing agent. Nor

2    does plaintiff allege authorization or ratification by a manager or director.

3           Additionally, plaintiff's prayer for punitive damages fails because he has not

4    sufficiently alleged a claim for fraudulent omission. *See infra* §§ II.A., II.B.2.,

5    II.C.1. Plaintiff only purports to seek punitive damages in connection with his

6    fraudulent omission claim. Compl. ¶ 138. When a plaintiff's punitive damages

7    request is premised on a claim for fraud, and the fraud claim fails, the punitive

8    damages request also fails. *Chillon v. Ford Motor Co.*, No. CV222111DSFAGRX,

9    2022 WL 19569545, at *7 (C.D. Cal. Dec. 2, 2022) (dismissing punitive damages

10   request after finding fraudulent inducement-concealment claim failed); *Dorsett v.*

11   *Sandoz, Inc.*, No. CV067821AHMAJWX, 2010 WL 11512276, at *4 (C.D. Cal.

12   June 29, 2010) (denying leave to add punitive damages because there was no basis

13   where fraud-based claims were inadequately pleaded).

14          These authorities compel dismissal of plaintiff's plea for punitive damages.

## CONCLUSION

16          For the foregoing reasons, BSH respectfully requests that this Court dismiss

17   plaintiff's complaint in its entirety.

19   May 12, 2023                          CROWELL & MORING LLP

21                                         By: */s/ Emily T. Kuwahara*
                                           Emily T. Kuwahara
22                                         Rebecca B. Chaney
                                           Scott Winkelman
23                                         Robbie Jost

24                                         *Attorneys for Defendant BSH Home*
                                           *Appliances Corporation*

Case 8:23-cv-00358-JWH-JDE   Document 20   Filed 05/12/23   Page 36 of 36   Page ID #:121

## <u>CERTIFICATE OF COMPLIANCE WITH C.D. CAL. L.R. 11-6.2</u>

The undersigned, counsel of record for Defendant BSH Home Appliances Corporation certifies that its Memorandum of Points of Authorities contains 24 pages, which complies with the page limit set by the Standing Order of Judge Holcomb, dated February 24, 2023.

May 12, 2023                                          CROWELL & MORING LLP


By: */s/ Emily T. Kuwahara*
Emily Kuwahara
Rebecca B. Chaney
Scott Winkelman
Robbie Jost

*Attorneys for Defendant BSH Home Appliances Corporation*

DEFENDANT BSH HOME APPLIANCES CORP.'S MOTION TO DISMISS          -36-          CASE NO. 8:23-CV-00358-JWH-JDE