O

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEDRICK, NICHOLAS KALERGIS, and IVAN ANTIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>Defendant. | Case No. 8:23-cv-00358-JWH-JDE<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF No. 73 in the *Hedrick* Case; ECF No. 68 in the *Goldstein* Case; and ECF No. 70 in the *Norris* Case]** |
| DEBRA GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | Case No. 2:23-cv-04752-JWH-JDE |

| | |
|---|---|
| ELLYN NORRIS and A.J. STONE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　Defendant. | Case No. 5:23-cv-01496-JWH-JDE |

Before the Court are three motions to dismiss filed in the above-captioned related cases:[1]

- the motion of Defendant BSH Home Appliances Corporation[2] to dismiss the Third Amended Complaint[3] filed by Plaintiffs Robert Hedrick, Nicholas Kalergis, and Ivan Antic, individually and on behalf of all others similarly situated, in the *Hedrick* Case;
- the motion of Defendant Whirlpool Corporation[4] to dismiss the Second Amended Complaint[5] filed by Plaintiff Debra Goldstein, individually and on behalf of all others similarly situated, in the *Goldstein* Case; and
- the motion of Defendant Samsung Electronics America, Inc.[6] to dismiss the Second Amended Complaint[7] filed by Plaintiffs Ellyn Norris and A.J. Stone, individually and on behalf of all others similarly situated, in the *Norris* Case.

Because the *Hedrick* Case, the *Goldstein* Case, and the *Norris* Case contain similar allegations and share common questions of law, the Court addresses these three Motions simultaneously, in one order. After considering the papers filed in support and in opposition, as well as the argument of counsel during the hearing on these Motions,[8] the Court orders that the Motions are **GRANTED**, for the reasons set forth herein.

---

[1] *See Hedrick v. BSH Home Appliances Corp.*, Case No. 8:23-cv-00358-JWH-JDE (C.D. Cal) (the "*Hedrick* Case"); *Goldstein v. Whirlpool Corp.*, Case No. 2:23-cv-04752-JWH-JDE (C.D. Cal) (the "*Goldstein* Case"); *Norris v. Samsung Electronics America, Inc.*, Case No. 5:23-cv-01496-JWH-JDE (C.D. Cal) (the "*Norris* Case").

[2] Def. BSH Home Appliances Corporation's Mot. to Dismiss Third Am. Compl. [ECF No. 73 in the *Hedrick* Case] (the "*Hedrick* Motion").

[3] Third Am. Compl. [ECF No. 70 in the *Hedrick* Case] (the "*Hedrick* Amended Complaint").

[4] Def. Whirlpool Corporation's Mot. to Dismiss Second Am. Compl. [ECF No. 68 in the *Goldstein* Case] (the "*Goldstein* Motion").

[5] Second Am. Compl. [ECF No. 65 in the *Goldstein* Case] (the "*Goldstein* Amended Complaint").

[6] Def. Samsung Electronics America, Inc.'s Mot. to Dismiss Second Am. Compl. [ECF No. 70 in the *Norris* Case] (the "*Norris* Motion").

[7] Second Am. Compl. [ECF No. 67 in the *Norris* Case] (the "*Norris* Amended Complaint").

[8] The Court considered the documents of record in these consolidated actions, including the following papers: (1) *Hedrick* Amended Complaint (including its attachments); (2) *Hedrick* Motion; (3) Pls.' Opp'n to the *Hedrick* Motion (the "*Hedrick* Opposition") [ECF No. 74] (including its attachment); (4) Def.'s Reply in Supp. of the *Hedrick* Motion (the "*Hedrick* Reply") [ECF No. 77]; (5) *Goldstein* Amended Complaint (including its attachments); (6) *Goldstein* Motion (including its attachments); (7) Pl.'s Opp'n to the *Goldstein* Motion (the "*Goldstein* Opposition") [ECF No. 69]; (8) Def.'s Reply in Supp. of the *Goldstein* Motion (the

## I. BACKGROUND

The parties are familiar with the history of these cases, which the Court explained in detail in its Order regarding Defendants' previous motions to dismiss.[9]  As relevant here, Plaintiffs allege that they purchased gas stoves from Defendants without knowing that those stoves emitted harmful pollutants.  In May 2024, the Court granted in part and denied in part Defendants' coordinated motions to dismiss Plaintiffs' then-operative Complaints.[10]  Plaintiffs filed the Amended Complaints in June 2024.[11]

The allegations in the Amended Complaints are largely identical to those in Plaintiffs' prior pleadings, with two important exceptions.  First, Plaintiffs no longer allege that Defendants made false or misleading representations about the safety of Defendants' gas stoves, such that Plaintiffs' claims now depend entirely upon allegations that Defendants failed to warn consumers about health risks associated with gas stoves.[12]  Second, Plaintiffs have alleged additional facts regarding the likelihood that they will suffer future injuries.[13]

Defendants filed the instant Motions in August 2024.[14]  The Motions are fully briefed, and the Court conducted a hearing on the Motions in November 2024.[15]

---

"*Goldstein* Reply") [ECF No. 72]; (9) *Norris* Amended Complaint (including its attachment); (10) *Norris* Motion (including its attachments); (11) Pls.' Opp'n to the *Norris* Motion (the "*Norris* Opposition") [ECF No. 71]; and (12) Def.'s Reply in Supp. of the *Norris* Motion (the "*Norris* Reply") [ECF No. 74].

[9]  *See* Order Regarding Defs.' Motions to Dismiss (the "Prior Order") [ECF No. 67 in the *Hedrick* Case, ECF No. 62 in the *Goldstein* Case, and ECF No. 64 in the *Norris* Case].

[10]  *See id.*

[11]  *See Hedrick* Amended Complaint; *Goldstein* Amended Complaint; *Norris* Amended Complaint.

[12]  *See generally Hedrick* Amended Complaint; *Goldstein* Amended Complaint; *Norris* Amended Complaint; *see also* Tr. of Proceedings (the "Hearing Transcript") [ECF No. 80 in the *Hedrick* Case, ECF No. 76 in the *Goldstein* Case, and ECF No. 78 in the *Norris* Case] 9:6–11 (confirming that Plaintiffs "removed references to misrepresentations or false representations and left in only omissions").

[13]  *See Hedrick* Amended Complaint ¶ 64; *Goldstein* Amended Complaint ¶ 54; *Norris* Amended Complaint ¶ 60.

[14]  *See Hedrick* Motion to Dismiss; *Goldstein* Motion to Dismiss; *Norris* Motion to Dismiss.

[15]  *See* Hearing Transcript.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)—Standing

A federal court may not exercise jurisdiction over a plaintiff's claim unless that plaintiff demonstrates that he or she has Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  To do so, a plaintiff must establish that he or she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted).

The burden to satisfy the injury-in-fact requirement is particularly demanding for a plaintiff who seeks injunctive relief—such a plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Additionally, the plaintiff must demonstrate that the injury is traceable to the defendant's conduct and that it is "likely" that "the injury can be redressed by a favorable decision." *Id.*  So-called "information injuries" and statutory violations that "cause[] no adverse effects" are insufficient to confer Article III standing. *TransUnion LLC v. Ramirez*, 584 U.S. 413, 442 (2021).

"[J]urisdictional rules—such as Article III standing—may be raised 'at any time,'" and the Court has a duty to raise jurisdictional issues itself. *Iten v. Los Angeles*, 81 F.4th 979, 985 (9th Cir. 2023).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### B.  Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n*, 277 F.3d at 1120.  Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient facts to "allow[] the Court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### C. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Therefore, leave to amend should be granted unless the court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

### A. Article III Standing

As a threshold matter, Defendants argue that Plaintiffs lack Article III standing. The Court previously determined that Plaintiffs have standing to assert claims for damages because Plaintiffs alleged that they would not have purchased gas stoves if Plaintiffs knew that the stoves emitted harmful pollutants.[16] Plaintiffs' allegations supporting that conclusion remain unchanged, so the Court will not reconsider its prior ruling.

With respect to injunctive relief, however, the Court previously concluded that Plaintiffs failed to allege facts sufficient to establish that Plaintiffs were likely to suffer future injuries. The Court therefore dismissed Plaintiffs' claims for injunctive relief, but the Court also granted Plaintiffs leave to amend.

Plaintiffs availed themselves of the opportunity to amend their pleadings, but only barely. In their Amended Complaints, Plaintiffs allege that they "will purchase another stove in the future" and that they would like to purchase those stoves from Defendants if Defendants produce stoves that do not emit harmful pollutants.[17] At present, however, Plaintiffs aver that they will not purchase new stoves from Defendants because Plaintiffs "cannot rely on any representations from Defendant[s] that the Product[s] [are] safe for

---

[16] Prior Order 10.

[17] *Hedrick* Amended Complaint ¶ 64; *Goldstein* Amended Complaint ¶ 54; *Norris* Amended Complaint ¶ 60.

cooking inside the home."[18]  Plaintiffs thus ask the Court to order Defendants "to stop selling [their] defective, unsafe Products without warning of the defect."[19]

Plaintiffs argue that, under *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956 (9th Cir. 2018), their new allegations are sufficient to support their claims for injunctive relief.  In *Davidson*, the plaintiff alleged that she purchased baby wipes because she believed that the wipes would be "*suitable* for disposal down a toilet," but the wipes were in fact only "*capable* of passing from a toilet to the pipes after one flush[]."  *Id.* at 961 (emphasis in original).  The plaintiff also alleged that she planned to buy flushable wipes again—and that she would purchase those wipes from the defendant manufacturers—but that she was hesitant to do so because she was unsure whether the "flushable" label remained false.  *See id.*  The Ninth Circuit held that those allegations were sufficient to support a claim for injunctive relief because a "consumer's inability to rely on a representation made on a package, even if the consumer knows or believes the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising."  *Id.*

Plaintiffs assert that their allegations here are indistinguishable from those in *Davidson*, but the Court disagrees.  Unlike the plaintiff in *Davidson*, Plaintiffs here do not allege that Defendants are currently mislabeling their products, so Plaintiffs do not suffer injuries based upon their inability to "know[]" whether labels that were previously false "remain false."  *See Davidson*, 889 F.3d at 969.  Similarly, Plaintiffs do not allege that they would purchase gas stoves from Defendants at present or that Plaintiffs are being tempted to purchase stoves because of false or misleading advertisements.[20]  Instead, Plaintiffs posit that Defendants may someday produce stoves that do not emit pollutants—and thus produce stoves that Plaintiffs would be willing to buy—but that, absent an injunction, Defendants may omit ***that*** information from Plaintiffs.[21]  Therefore, in contrast to the ongoing injury in *Davidson*, Plaintiffs' asserted injury is attenuated and speculative, not concrete or particularized, and, thus, it cannot serve as the basis for Article III standing.

---

[18]     *Hedrick* Amended Complaint ¶ 64; *Goldstein* Amended Complaint ¶ 54; *Norris* Amended Complaint ¶ 60.

[19]     *Hedrick* Amended Complaint ¶ 158 (Prayer for Relief); *Goldstein* Amended Complaint ¶ 159 (Prayer for Relief); *Norris* Amended Complaint ¶ 150 (Prayer for Relief).

[20]     *See Hedrick* Amended Complaint ¶ 64; *Goldstein* Amended Complaint ¶ 54; *Norris* Amended Complaint ¶ 60.

[21]     *See Hedrick* Amended Complaint ¶ 64; *Goldstein* Amended Complaint ¶ 54; *Norris* Amended Complaint ¶ 60.

Accordingly, the Court **DISMISSES** Plaintiff's claims for injunctive relief for lack of Article III standing.

**B.   Proposition 65**

California's Proposition 65 prohibits companies from "intentionally expos[ing] any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning." Cal. Health & Safety Code § 25249.6. Several of the pollutants emitted from gas stoves—including benzene, n-hexane, carbon monoxide, and toluene—fall within the scope of Proposition 65. *See* Cal. Code Regs. tit. 27, § 27001(b). Nitrogen oxides, however, do not. *See id.*

A private party may enforce Proposition 65 through a civil action, but "only if a plaintiff has provided notice to the Attorney General (and the district attorney, city attorney, or prosecutor in whose jurisdiction the violation is alleged to have occurred) and to the alleged violator." *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 787 (N.D. Cal. 2015). Notice is "a mandatory condition precedent to establishing a citizen's right to commence a Proposition 65 enforcement action in the public interest." *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1551 (2009). California courts, therefore, "strictly enforce the notice requirements" to prevent a plaintiff from "plead[ing] around the notice requirement" by recharacterizing his claim to avoid implicating Proposition 65. *Sciortino*, 108 F. Supp. 3d at 790.

Defendants argue that all of Plaintiffs' claims are barred for failure to provide pre-suit notice under Proposition 65.[22] Plaintiffs concede that they did not provide notice before filing these actions, but Plaintiffs contend that they were not required to do so because their claims do not fall within the scope of Proposition 65.[23] Specifically, Plaintiffs argue that their claims are based upon "the dangers of nitrogen dioxide, which is not a Proposition 65-listed chemical,"[24] as well as upon "health hazards" such as asthma "that are not covered by Proposition 65."[25] Plaintiffs also assert that their allegations stem from "wrongs separate from a failure to warn under Proposition 65."[26]

---

[22]   *Hedrick* Motion 35:6–37:13; *Goldstein* Motion 35:6–37:13; *Norris* Motion 35:6–37:13.

[23]   *Hedrick* Opposition 31:17–37:15; *Goldstein* Opposition 31:17–37:15; *Norris* Opposition 31:17–37:15.

[24]   *Hedrick* Opposition 33:10; *Goldstein* Opposition 33:10; *Norris* Opposition 33:10.

[25]   *Hedrick* Opposition 33:25–26; *Goldstein* Opposition 33:25–26; *Norris* Opposition 33:25–26.

[26]   *Hedrick* Opposition 35:24–25; *Goldstein* Opposition 35:24–25; *Norris* Opposition 35:24–25.

At least one other court has rejected arguments like those that Plaintiffs advance here. In *Drake v. Haier U.S. Appliance Solutions, Inc.*, 2024 WL 2273192 (N.D. Cal. May 20, 2024), the plaintiff asserted claims against gas stove manufacturers based upon the manufacturers' alleged failure to warn consumers that the manufacturers' stoves emitted harmful pollutants. As here, the plaintiff conceded that he had not complied with Proposition 65's notice requirement, but he argued that he asserted claims based upon the emission of nitrogen oxides alone, which placed his claims outside the scope of Proposition 65. *See id.* at *2. The district court rejected the plaintiff's invitation to "turn a Proposition 65 claim arising from a failure to warn" into a claim arising under other statutes by "narrowly refer[ring] to the harm posed by a single chemical not listed in Proposition 65." *Id.*

Here, the Court concludes that, as in *Drake*, Plaintiffs may not evade Proposition 65's notice requirement by narrowly focusing on nitrogen oxides and non-carcinogenic health risks such as asthma. Although Plaintiffs carefully excised references to Proposition 65 chemicals and covered health risks from the bodies of their Amended Complaints, the articles that serve as the bases for Plaintiffs' allegations do not support such a narrow focus. For example, some of the articles that Plaintiffs cite in the Amended Complaint suggest that gas stoves cause health risks because they emit benzene, n-hexane, carbon monoxide, and toluene—all of which are chemicals covered by Proposition 65.[27] Other articles reflect that Defendants' stoves "emit air pollutants such as . . . carbon monoxide" at levels "linked" to "cancer."[28] Based upon those articles, Plaintiffs' claims appear to fall squarely within the ambit of Proposition 65.

Additionally, although Plaintiffs assert that their allegations stem from "wrongs separate from a failure to warn under Proposition 65,"[29] it is not clear what those separate wrongs would be. While some courts have refused to apply Proposition 65's notice requirement to claims that arise "independently" of Proposition 65, those claims involved injuries beyond those that Proposition 65 covers, not injuries that were ancillary to Proposition 65 injuries. For example, in *Rodriguez v. Equal Exchange, Inc.*, 2024 WL 1421971 (S.D. Cal. March 31, 2024), a district court permitted a plaintiff to assert claims based upon the defendants' failures to warn about "irreversible damage to brain development, liver, kidneys, and bones"—all of which were health problems independent from those addressed by Proposition 65. *Id.* at *5. Similarly, in *Sciortino*, a district court

---

[27]    *See Hedrick* Amended Complaint ¶¶ 1 n.3 & 19 n.11; *Goldstein* Amended Complaint ¶¶ 1 n.3 & 17 n.10; *Norris* Amended Complaint ¶¶ 1 n.3 & 18 n.11.

[28]    *Hedrick* Amended Complaint ¶¶ 1, 2, & 17; *Goldstein* Amended Complaint ¶¶ 1, 2, & 15; *Norris* Amended Complaint ¶¶ 1, 2, & 16.

[29]    *Hedrick* Opposition 35:24–25; *Goldstein* Opposition 35:24–25; *Norris* Opposition 35:24–25.

permitted plaintiffs to assert claims based upon the defendant's allegedly false representations that it had complied with Proposition 65 because the misrepresentation was "not a failure to warn under Proposition 65," and, thus, it was "not wholly derivative of a Proposition 65 warning." *Sciortino*, 108 F. Supp. 3d at 794.

The Court is not convinced that Plaintiffs have alleged "independent" claims like those in *Rodriguez* and *Sciortino*. As Plaintiffs' counsel confirmed at the hearing on the instant Motions, Plaintiffs do not allege that Defendants made affirmative misrepresentations about the safety of gas stoves.[30] Instead, Plaintiffs rely entirely on failure-to-warn theories, which fall within the scope of Proposition 65. *See Drake*, 2024 WL 2273192, at *2. And although Plaintiffs have alleged that gas stoves may carry risks in addition to the carcinogenic and reproductive risks covered by Proposition 65, Plaintiffs have not demonstrated that those additional harms are distinct from those covered by Proposition 65. *See id.* (rejecting the argument that respiratory effects of nitrogen oxides were independent of carcinogenic risks covered by Proposition 65).

Finally, much of the briefing in this case belies Plaintiffs' attempt to plead around Proposition 65, particularly with respect to Plaintiffs' First Amendment arguments. When a plaintiff asserts a claim based upon a defendant's failure to warn, the First Amendment may bar that claim unless the omitted or proposed warning is "(1) purely factual, (2) noncontroversial, and (3) not unjustified or unduly burdensome." *Cal. Chamber of Commerce v. Council for Educ. & Research on Toxics*, 29 F.4th 468, 477 (9th Cir. 2022) (quoting *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 756 (9th Cir. 2019)).

Plaintiffs contend that "[a] warning about the dangers of pollutants from Defendants' gas stoves" satisfies the First Amendment standard because such a warning "protect[s] the health and safety of consumers and [prevents] consumer deception"; it is "purely factual"; and it is uncontroversial.[31] But to the extent that Plaintiffs' proposed warning is indeed factual and uncontroversial, that is because the warning is virtually indistinguishable from the warnings required by Proposition 65. *See Drake*, 2024 WL 2273192, at *1. Meanwhile, it is possible that a warning could fall outside the scope of Proposition 65 if that warning were limited to non-carcinogenic health risks associated with nitrogen oxides, but, because the articles cited in Plaintiffs' Amended Complaints reveal that there is no scientific consensus regarding those health risks, such a warning would likely violate the First Amendment. *See Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1279 (9th Cir. 2023) (concluding that a warning could not comply with the

---

[30]    *See* Hearing Transcript 9:2-11.

[31]    *Hedrick* Opposition 28:6–7 & 14; *Goldstein* Opposition 28:6–7 & 14; *Norris* Opposition 28:6–7 & 14.

First Amendment because there was no scientific consensus about the truth of the warning and because the defendant contested the accuracy of the warning). Plaintiffs' claims thus fail twice over: their claims are either barred by Proposition 65's notice requirement or they would be barred by the First Amendment.

Accordingly, the Court **GRANTS** Defendants' Motions to dismiss Plaintiffs' claims. Additionally, because the claims suffer from defects that cannot be cured, the Court **DISMISSES** Plaintiffs' claims **without leave to amend.**

### C.  Preemption

Because the Court concludes that Plaintiffs' claims fail based upon the notice requirements of Proposition 65, and because Defendants' preemption arguments are duplicative of those addressed in the Court's Prior Order, the Court declines to consider Defendants' preemption arguments.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' instant Motions to dismiss [ECF No. 73 in the *Hedrick* Case; ECF No. 68 in the *Goldstein* Case; and ECF No. 70 in the *Norris* Case] are **GRANTED.**

2. Plaintiffs' claims for injunctive relief are **DISMISSED for lack of jurisdiction.**

3. Plaintiffs' remaining claims are **DISMISSED without leave to amend.**

4. Judgments shall issue accordingly.

**IT IS SO ORDERED.**

Dated: April 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE